*696 OPINION.
Phillips:
It is the contention of the petitioner that the amounts expended in 1919 upon the building which it purchased in that year were for repairs and are deductible as ordinary and necessary expenses in computing its taxable income. With this view we can not agree. As a part of its purchase, the petitioner acquired an old building in a very dilapidated condition, for which it agreed to pay $105,000. There was outstanding a contract for the restoration of the building, and as another part of the purchase the amount paid by the vendor under such contract was to be repaid him by the purchaser. The total amount so expended, whether paid to the vendor as a part of the purchase price or as a part of the payment to the contractor, represented the cost to the petitioner of the restored building. For $105,000, plus an additional amount to be *697 paid the contractor, the petitioner was to have, not the old building-in its then condition, but a building in a usable condition. The situation here presented is entirely different from that of a taxpayer who repairs damage which has occurred to a building while he was the owner of it and who, after such repairs, has no greater asset than he originally owned.

Decision will be entered for the respondent.

Considered by MaRquette and Milliken.